■ In the Matter of the Claim of EVA H. DOMAGALSKI, Respondent, v. VICTORIA'S RESTAURANT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed December 27, 1967 and November 27, 1968, awarding benefits upon a finding that claimant was permanently totally disabled and discharging the Special Disability Fund from any liability for reimbursement to the employer. Respondent was employed as a kitchen helper in appellant's restaurant on February 2, 1962, when she slipped on a wet floor and fractured her hip. · Since then she has not returned to work by reason of the failure of the broken parts near the head of her right femur to reunite. Appellant carrier voluntarily began compensation payments based upon a total disability, until March 1, 1965 when it reduced its payments to a 75% disability basis. Appellants challenge the board's subsequent determination that the disability was total and that it was attributable solely to the injury of 1962. At a hearing on May 23, 1967, Dr. Harris, the principal examiner, testified that the claimant was permanently totally disabled. The board concluded that the claimant was "permanently and totally disabled by reason of the residuals of the injury of February 2, 1962".· The case was remanded for the purpose of making an award. Thereafter the Referee made an award based on total disability and discharged the Special Fund under subdivision 8 of section 15 of the

Workmen's Compensation Law. Appellants appeal, contending that they were denied an opportunity to develop the record with regard to the relative degree that the claimant had been injured by reason of her accident and a prior existing hemiplegic condition. Respondent had suffered an injury at birth that had resulted in a partial paralysis of her right side and limbs (hemiplegia) which in turn resulted in a somewhat atrophied condition in her right side. Appellants argue that this prior existing condition caused a greater harm to her when she fell that would have existed had she not had this condition. The carrier seeks an opportunity to establish a record that would permit it to collect reimbursement from the Special Disability Fund pursuant to section 15 of the Workmen's Compensation Law. The appellants' position is that a finding of total and permanent disability is not inconsistent with the suit for reimbursement from Special Fund because the injury suffered was greater than it would have been had no hemiplegia existed. We agree with the carrier. It appears that after the fact of the accident had been established, the Special Fund accepted the case and for this reason, the carrier submitted no evidence establishing Special Fund's liability. Since the earlier reports had indicated a partial disability only, the testimony of Dr. Harris that the claimant's disability was permanent and total apparently took the carrier by surprise, with the result that the carrier requested an opportunity for further medical examination, which was improperly denied. The board failed to consider that a prior existing permanent condition of an employee not only can contribute to the propensity for having an industrial accident in the first instance and also the severity of the accident itself, but also such condition can contribute to a failure to properly heal. The record is devoid of testimony establishing the other elements of liability of the Special Fund. Liability lies if it is established that (1) there was a permanent physical impairment of the employee; (2) the employer's hiring or retention of the employee was with knowledge of this impairment; (3) and in spite of this impairment, which must be a substantial hindrance to employment (although not necessarily to the duties performed); and (4) a greater injury than that which would be suffered by a person without such impairment was suffered in the subsequent industrial accident (*Matter of Friscia* v. *Mermaid Sea Prods.*, 27 A D 2d 614). In our opinion, the appellant should have an opportunity to establish these elements. The state of the record mandates a reversal and remand for the purpose of taking evidence to determine whether section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law applies. Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.